O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL, | NO. EDCV 11-803-DDP (MAN) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING |
| v. | COMPLAINT WITH LEAVE TO AMEND |
| SAN BERNARDINO COUNTY SHERIFF'S DEPT., et al, | |
| Defendants. | |

On May 27, 2011, plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. The Court "shall" dismiss such an action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 28 U.S.C. §

1915A(b); 42 U.S.C. § 1997e(c)(1). In screening such a complaint, the Court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt. *See* Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). A *pro se* litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Id.*; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is currently detained at the West Valley Detention Center ("WVDC") in San Bernardino County. (Complaint at 2.) Defendants are the San Bernardino County Sheriff's Department ("Sheriff's Department") and Sheriff's Deputy Smith. (*Id.* at 3.) Plaintiff asserts two claims for relief. In Claim One, he asserts claims against Smith and the Sheriff's Department for excessive force and sexual assault, in violation of the Due Process Clause. (*Id.* at 5.) In Claim Two, he asserts claims under the First, Fifth, and Fourteenth Amendments for violation of his right to petition the government for redress. (*Id.* at 5a.)

In his factual allegations in support of Claim One, plaintiff alleges that, on February 7, 2011, Smith sexually assaulted plaintiff by squeezing and yanking his penis. (Complaint at 5.) Smith also slammed plaintiff into the wall, choked and kicked him, twisted his fingers, and hit his head. (*Id.*) Plaintiff suffered physical, mental, and emotional injuries as a result of the assault. (*Id.*) He further

2

contends that the Sheriff's Department has a policy, practice, or custom of employing "mentally ill, sexual deviant" deputies who are predisposed to use excessive force and sexually assault inmates. (*Id.*)

In his factual allegations in support of Claim Two, plaintiff alleges that the Sheriff's Department has a policy, custom, or practice of denying access to the law library to research family law issues. (Complaint at 5a.) Thus, plaintiff has been unable to conduct research regarding his appeal of a juvenile court decision terminating his parental rights. (*Id.*) This policy has caused plaintiff physical, mental, and emotional pain, such as migraines, weight loss, stress, fatigue, and depression. (*Id.*)

Plaintiff seeks compensatory and punitive damages. (Complaint at 6.)

**DISCUSSION**

I. **PLAINTIFF'S EXCESSIVE FORCE CLAIM AGAINST DEPUTY SMITH WITHSTAND SCREENING.**

At this early stage of the action, the Court finds that plaintiff's excessive force claim against defendant Smith withstands screening.[1] Because plaintiff is held at WVDC as a pretrial detainee, his excessive force claim arises under the Due Process Clause of the Fourteenth

---

[1] Plaintiff's sexual assault claim is analyzed as an excessive force claim.

Amendment.[2]

## II. **PLAINTIFF FAILS TO STATE AN EXCESSIVE FORCE CLAIM AGAINST THE SHERIFF'S DEPARTMENT.**

Plaintiff asserts his excessive force claim against the Sheriff's Department as well as Smith. (Complaint at 5.)

To allege a Section 1983 claim against an individual defendant, a plaintiff need only allege a constitutional deprivation inflicted on him by that defendant. To allege a Section 1983 claim against a local governmental entity, such as the Sheriff's Department, more is needed. Plaintiff must allege a constitutional deprivation *and* a policy, custom, or practice of the municipality that was the "moving force" of the constitutional deprivation. Monell v. Department of Social Services, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 2037-38 (1978); Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 957 (9th Cir. 2008); Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007).

The Sheriff's Department, as a local governmental entity, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or

---

[2] According to People v. O'Neal, 2009 WL 250932 (Cal. App., Feb. 4, 2009), the California Court of Appeal reversed plaintiff's conviction and remanded his case to the trial court for "a new competency hearing and, when appropriate, a new trial." *Id.* at *2. Thus, plaintiff is currently confined as a pretrial detainee. *See* Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004)("Although Stow remained in custody after the court reversed his conviction, his status was that of a pretrial detainee -- he was in custody pending his retrial on the counts of attempted second degree murder.").

4

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S. Ct. at 2037-38. Thus, a local governmental entity is not liable for the acts of its employees unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or unless the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91, 98 S. Ct. at 2035-36.

Previously, in the Ninth Circuit, a Monell claim was sufficient even if it was based on "nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." Karim-Panahi, 839 F.2d at 624. The Supreme Court has now made it clear, however, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Here, plaintiff alleges that the Sheriff's Department "has a policy, practice or custom of employing mentally ill, sexual[ly] deviant deputies who are predisposed to use excessive force and sexually assault inmates." (Complaint at 5.) However, plaintiff does not allege any facts from which the Court could plausibly infer the existence of a municipal policy to hire officers prone to use excessive force or assault inmates sexually. Allegations of sexual assault and excessive force by a single deputy are not enough to push a <u>Monell</u> claim across "the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570, 127 S. Ct. at 1974. Plaintiff's conclusory allegation that such a policy exists is insufficient. *See* <u>Olivera v. Vizzusi</u>, 2011 WL 1253887, at \*10 (E.D., Mar. 31, 2011)("Since <u>Iqbal</u>, such conclusory allegations that merely allege the existence of a policy without providing factual content from which one could plausibly infer that such a policy exists have been repeatedly rejected.").

Accordingly, plaintiff's excessive force claim in Claim One against the Sheriff's Department must be dismissed.

**III. PLAINTIFF FAILS TO STATE AN ACCESS TO COURTS CLAIM.**

In Claim Two, plaintiff contends that he has been denied access to the law library to prepare an appeal of a juvenile court decision terminating his parental rights, because a policy of the Sheriff's Department precludes inmates from using the law library to research family law issues. (Complaint at 5a.) Plaintiff asserts claims under the First, Fifth, and Fourteenth Amendment for violation of his right

to petition the government.³ (*Id.*) He asserts this claim solely against the Sheriff's Department.

Prisoners have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts. O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996). The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1948 (1977). To establish a violation of the right to access to the courts, a prisoner must allege facts sufficient to show that: (1) defendants have frustrated or impeded a nonfrivolous legal attack on his conviction, sentence, or the conditions of his confinement; and (2) he has suffered an actual injury as a result. Lewis v. Casey, 518 U.S. 343, 353–55, 116 S. Ct. 2174, 2181-82 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348, 116 S. Ct. at 2178.

In general, a prisoner only has a First Amendment right to law library access to enable him to challenge his conviction or sentence, or to bring a Section 1983 claim challenging his conditions of

---

³ Plaintiff's claim arises under the First Amendment, made applicable to the states through the Fourteenth Amendment. He has not set forth any basis for a Fifth Amendment claim.

7

confinement. *See* Lewis, 518 U.S. at 354, 116 S. Ct. at 2181-82. The Supreme Court has explained:

> The tools [Bounds] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 255, 116 S. Ct. at 2181.

As a general rule, therefore, inmates have no constitutional right to law library access to research family law matters. Plaintiff, however, alleges that the proceedings involved the termination of his parental rights. (Complaint at 5a.) The Supreme Court has held that termination of parental rights involves a fundamental human right and falls within the narrow category of civil cases in which the state must make access to the judicial process available regardless of a person's ability to pay. M.L.B. v. S.L.J., 519 U.S. 102, 106-107, 117 S. Ct. 555, 107 (1996)(indigent mother was constitutionally entitled to waiver of record preparation fees to pursue appeal of termination of parental rights). At this stage, the Court will assume that a prisoner's right of law library access encompasses a challenge to the termination of his or her parental rights.

Nevertheless, plaintiff's allegations are insufficient to allege an access to courts claim on this basis. First, plaintiff has not

sufficiently described the nature of the Sheriff's Department policy that he is challenging.[4] Thus, it is not clear whether the policy actually precludes law library access for inmates challenging termination of parental rights. Second, the nature of plaintiff's family law proceeding is not clear; at one point plaintiff refers to it as a "child custody case." *See* Aquilar v. Lopez, 1996 WL 557679, at *2 (N.D. Cal., Sept. 16, 1996)("The right of access [to courts] does not extend to child custody cases.") Third, plaintiff does not allege whether he was representing himself or was represented by counsel. A prisoner who is represented by counsel "has no constitutional right of access to legal materials." United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990); *see also* Jenkins v. Bartley, 2008 WL 4058088, at *5-*6 (E.D. Cal., Aug. 28, 2008) *adopted by* 2008 WL 4472970 (E.D. Cal. Sep. 30, 2008)(deprivation of legal materials does not constitute "actual injury" under Lewis if an inmate is represented by counsel). Finally, plaintiff has not adequately alleged an actual injury. It appears that despite his lack of library access, plaintiff *has* appealed the juvenile court's decision, although unsuccessfully. (*Id.*)

For all of these reasons, Claim Two must be dismissed.

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted

---

[4] Plaintiff refers to Exhibit "S" as illustrating the policy, but there are no exhibits relating to Claim Two attached to the Complaint.

9

thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein.  The First Amended Complaint, if any, shall be complete in itself.  It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: July 19, 2011

／s／ Margaret A. Nagle
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE