O

1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10

11  GLENN DAVID O'NEAL,              )  NO. EDCV 11-803-DDP (MAN)
                                     )
12               Plaintiff,          )  MEMORANDUM AND ORDER DISMISSING
                                     )
13          v.                       )  FIRST AMENDED COMPLAINT WITH LEAVE
                                     )
14  SAN BERNARDINO COUNTY            )  TO AMEND
    SHERIFF'S DEPT., et al,          )
15                                   )
                 Defendants.         )
16                                   )
    _____)
17

18       On May 27, 2011, plaintiff, a state prisoner proceeding *pro se*,

19  filed a civil rights complaint pursuant to 42 U.S.C. § 1983

20  ("Complaint").  On July 19, 2011, the Court issued a Memorandum and

21  Order dismissing the Complaint, with leave to amend, pursuant to the

22  screening provisions of the Prison Litigation Reform Act of 1995.  On

23  August 18, 2011, plaintiff filed a First Amended Complaint.

24

25       Congress has mandated that courts perform an initial screening of

26  civil rights actions brought by prisoners with respect to prison

27  conditions and/or that seek redress from a governmental entity or

28  officer or employee of a governmental entity.  The Court "shall" dismiss

such an action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  In screening such a complaint, the Court must construe the allegations of the complaint liberally and must afford the plaintiff the benefit of any doubt.  *See* <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).  If a complaint is dismissed, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Id.*; <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987).

### ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff is currently detained at the West Valley Detention Center ("WVDC") in San Bernardino County.  (First Amended Complaint at 1.) Defendants are the San Bernardino County Sheriff's Department ("Sheriff's Department") and Deputy Smith, sued in his individual capacity.  (*Id.* at 2.)  Plaintiff asserts two claims for relief.  In Claim One, he asserts an excessive force claim against defendant Smith. (*Id.* at 2-3.)  In Claim Two, he asserts claims against the Sheriff's Department for violation of his right of access to courts.  (*Id.* at 3-5.)

In his factual allegations in support of Claim One, plaintiff alleges that, on February 11, 2011, during a search, Deputy Smith yanked and squeezed plaintiff's penis, causing him pain.  (First Amended Complaint at 2.)  When plaintiff complained, Smith slammed him into the

wall, choked and kicked him, stepped on his toes, tightly handcuffed him, bent his wrists and fingers so that the handcuffs would dig into his skin, and attempted to slam his face into the wall. (*Id.* at 2-3.) Plaintiff suffered physical, mental, and emotional injuries. (*Id.* at 2-3.)  His physical injuries included "cuffburns," cuts, and nerve damage from the tight handcuffs.  (*Id.*)

In his factual allegations in support of Claim Two, plaintiff alleges that the Sheriff's Department has a policy whereby only inmates representing themselves in criminal and habeas proceedings may use the WVDC law library.  (First Amended Complaint at 3, Ex. 1.)  Under this policy, inmates may not use the law library to research issues pertaining to the termination of parental rights.  (First Amended Complaint at 3.)  Plaintiff's parental rights were terminated by the San Bernardino County Juvenile Court, and the California Court of Appeal affirmed the judgment.[1]  (First Amended Complaint at 3.)  Plaintiff was represented by counsel during the proceedings in Juvenile Court and during his appeal to the California Court of Appeal.  Plaintiff's counsel declined to file a petition for rehearing or a petition for review in the California Supreme Court; in letter dated February 24, 2010, counsel advised plaintiff that, in his opinion, there was no ground for rehearing or review, and filing either petition would be futile.  (*Id.*, Ex. 2.)  Counsel notified plaintiff that, if he wished to file a *pro se* petition for review, the deadline was March 26, 2010.  (*Id.*)

---

[1]    The Court takes judicial notice of the California Court of Appeal's unpublished decision affirming the juvenile court's judgment, In re S.O., 2010 WL 570491 (Cal. Ct. App., Feb. 18, 2010)(No. E048744).

1    Plaintiff requested access to the law library so that he could file
2    a petition for rehearing or a petition for review.  On May 11, 2010, his
3    request was denied based on the policy limiting the purposes for which
4    inmates could use the law library.  (First Amended Complaint at 3-4, Ex.
5    4.)   The  California  Court  of  Appeal  denied  plaintiff's  *pro  se*
6    application, received on March 12, 2010, for a 60-day extension of time
7    to file a petition for rehearing.  (First Amended Complaint, Ex. 3.)
8    Plaintiff did not file a petition for review in the California Supreme
9    Court.  He contends that he was unable to do so, because he was not
10   allowed to use the law library and could not research applicable law.
11   (First Amended Complaint at 4.)

12

13        Plaintiff further complains that he was not allowed to use the law
14   library  to  conduct  legal  research  regarding  what  steps  to  take  to
15   expedite service of summons by the United States Marshal's Service in
16   two of his civil rights actions pending in this Court, O'Neal v. Dyberg,
17   EDCV 10-0062-DDP (MAN), and O'Neal v. San Bernardino County Sheriffs
18   Dept., EDCV 10-446-DDP (MAN), and to contest defendants' motion for
19   summary judgment in another pending civil rights action, O'Neal v.
20   Brenes, EDCV 09-1884-DDP (MAN).  (First Amended Complaint at 5.)

21

22        Plaintiff seeks compensatory and punitive damages.  (First Amended
23   Complaint at 5.)
24   ///
25   ///
26   ///
27   ///
28   ///

**DISCUSSION**

I.   **PLAINTIFF'S EXCESSIVE FORCE CLAIM AGAINST DEPUTY SMITH WITHSTANDS SCREENING.**

        At this early stage of the action, the Court finds that plaintiff's excessive force claim against defendant Smith under the Due Process Clause of the Fourteenth Amendment withstands screening.[2]  To continue pursuing this claim, however, plaintiff must re-allege the claim and the supporting factual allegations in the Second Amended Complaint.

II.  **PLAINTIFF FAILS TO STATE AN ACCESS TO COURTS CLAIM.**

        In Claim Two, plaintiff challenges a Sheriff's Department policy that limits law library access to inmates representing themselves in criminal and habeas actions.  Plaintiff contends his right of access to courts was violated, because he was unable to use the law library to: (1) challenge the California Court of Appeal's affirmance of the Juvenile Court's termination of his parental rights; (2) conduct research in connection with his opposition to a motion for summary judgment in a civil rights actions pending in this Court; and (3) research ways to expedite service of summons in two other civil rights actions pending in this Court.  (First Amended Complaint at 3-5.)

_____

        [2]   Plaintiff's excessive force claim arises under the Due Process Clause, because he is currently detained as a pretrial detainee after his conviction was reversed and remanded for a new competency proceeding and a new trial.  *See* People v. O'Neal, 2009 WL 250932 (Cal. App., Feb. 4, 2009); Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004).

1       **A.   Termination Of Parental Rights**

2

3           Under the First and Fourteenth Amendments, prisoners have a right

4    of access to the courts.  <u>Lewis v. Casey,</u> 518 U.S. 343, 346, 116 S. Ct.

5    2174, 2177 (1996).  Prison authorities may satisfy their constitutional

6    obligations  either  by  providing  access  to  legal  materials  or  by

7    providing assistance from persons trained in the law.  <u>Bounds v. Smith</u>,

8    430  U.S.  817,  830-31,  97  S.  Ct.  1491,  1949  (1977).   In  general,  a

9    prisoner's right of access to the courts only extends to direct appeals

10   from his conviction or sentence, habeas petitions, and Section 1983

11   actions challenging his conditions of confinement.  <u>Lewis</u>, 518 U.S. at

12   354, 116 S. Ct. at 2181-82.  Nevertheless, because the Supreme Court has

13   held  that  termination  of  parental  rights  falls  within  the  narrow

14   category  of  civil  cases  in  which  the  state  must  make  access  to  the

15   judicial process available regardless of a person's ability to pay,[3] at

16   this stage of the action, the Court will assume that a prisoner's right

17   of law library access encompasses a challenge to the termination of his

18   parental rights.

19

20           A prisoner asserting a claim for denial of access to courts must

21   allege facts sufficient to show that: (1) defendants have frustrated or

22   impeded a nonfrivolous legal attack on his conviction, sentence, or the

23   conditions of his confinement; and (2) he has suffered an actual injury

24   as a result.  <u>Lewis</u>, 518 U.S. at 353-55, 116 S. Ct. at 2181-82.  "Actual

25

26   _____

          [3]    <i>See</i> <u>M.L.B. v. S.L.J.</u>, 519 U.S. 102, 106-107, 117 S. Ct. 555,
27   107 (1996)(indigent mother was constitutionally entitled to waiver of
     record  preparation  fees  to  pursue  appeal  of  termination  of  parental
28   rights).

injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348, 116 S. Ct. at 2178. The "actual injury" requirement derives from the doctrine of standing, which is jurisdictional and may not be waived. *Id.* at 349-52 & n.1, 116 S. Ct. at 2179-80 & n.1.

In the First Amended Complaint, plaintiff clearly alleges that he sought library access to challenge the termination of his parental rights. (First Amended Complaint at 3.) Plaintiff, however, was represented by counsel during the proceedings in the San Bernardino County Juvenile Court and the California Court of Appeal. (*Id.* at 3.) A prisoner who is represented by counsel has no constitutional right to law library access. *See* <u>United States v. Robinson</u>, 913 F.2d 712, 717 (9th Cir. 1990). Plaintiff's access to courts claim stems from what happened *after* the California Court of Appeal affirmed the Juvenile Court's judgment. Plaintiff alleges that his counsel declined to file either a petition for rehearing in the California Court of Appeal or a petition for review in the California Supreme Court, and plaintiff was unable to do so himself because he could not use the law library. (First Amended Complaint at 3-4.)

To show actual injury, plaintiff must allege that his petition for rehearing or petition for review would have been nonfrivolous. <u>Lewis</u>, 518 U.S. at 353, 116 S. Ct. at 2181. This is required, because a prisoner's right of access to the courts does not include the right to present frivolous claims. *Id.* at 352 n.3, 116 S. Ct. at 2181 n.3 ("Depriving someone of an arguable (though not yet established) claim

1   inflicts actual injury because it deprives him of something of value .
2   . . . .  Depriving someone of a frivolous claim, on the other hand,
3   deprives him of nothing at all. . . .")  Plaintiff must describe the
4   arguments he would have made "well enough to apply the 'nonfrivolous'
5   test and to show that the 'arguable' nature of the underlying claim is
6   more than hope." Christopher v. Harbury, 536 U.S. 403, 416, 122 S. Ct.
7   2179, 2186 (2002).   The Supreme Court has made it clear that
8   "[t]hreadbare recitals of the elements of a cause of action, supported
9   by mere conclusory statements" are insufficient to state a claim for
10  relief.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).
11  "[A] complaint must contain sufficient factual matter, accepted as true,
12  'to state a claim to relief that is plausible on its face.'"  Id.
13  (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct.
14  1955, 1974 (2007)).

15

16      The First Amended Complaint is devoid of allegations describing the
17  arguments plaintiff would have presented to the California Court of
18  Appeal or the California Supreme Court had he been able to use the law
19  library.   Absent such allegations, plaintiff has failed to state a
20  plausible claim that the lack of law library access deprived him of the
21  ability to present nonfrivolous grounds for rehearing in the California
22  Court of Appeal or a nonfrivolous petition for review in the California
23  Supreme Court.  See Farris v. Clay, 2009 WL 4799753, at *5-*6 (E.D. Cal.
24  Dec. 8, 2009)(dismissing access to courts claim when plaintiff did not
25  describe the arguments he would have raised in his petition for
26  rehearing or petition for review had he not missed the filing deadlines
27  due to the prison's library paging policy).   Moreover, plaintiff's
28  counsel unequivocally advised plaintiff that there were no meritorious

1  grounds for rehearing or review.  (First Amended Complaint, Ex. 2.)  The

2  First Amended Complaint contains no factual allegations from which the

3  Court could infer that counsel was mistaken.

4

5      Accordingly, plaintiff fails to state an access to courts claim

6  based on the refusal to allow him to use the law library to conduct

7  research regarding a petition for rehearing in the California Court of

8  Appeal, or a petition for review in the California Supreme Court of the

9  California Court of Appeal's decision affirming the termination of his

10  parental rights.

11

12      **B.   Civil Rights Actions**

13

14      Plaintiff contends that, as a result of the Sheriff's Department

15  policy allowing only inmates representing themselves in criminal cases

16  to use the law library, he has been unable to conduct research in three

17  civil rights actions in this Court, <u>O'Neal v. Brenes</u>, EDCV 09-1884-DDP

18  (MAN), <u>O'Neal v. Dyberg</u>, EDCV 10-0062-DDP (MAN), and <u>O'Neal v. San</u>

19  <u>Bernardino County Sheriffs Dept.</u>, EDCV 10-446-DDP (MAN).[4]  (First

20  Amended Complaint at 4-5.)

21

22      Plaintiff contends that, because he could not use the law library,

23

24      [4]   The Court takes judicial notice of the files and records in
25  these three actions.  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442
   F.3d 741, 746 n.6 (9th Cir. 2006)(court "may take judicial notice of
26  court filings and other matters of public record"); <u>Shaw v. Hahn</u>, 56
   F.3d 1128, 1129 n.1 (9th Cir. 1995)(in deciding whether a complaint
27  states a claim, the court may look beyond the complaint to matters of
   public record).

28

1    he was unaware of Rule 36 of the Federal Rules of Civil Procedure, and

2    "summary judgment was nearly awarded to the defendants in O'Neal v.

3    Brenes, EDCV 09-1884-DDP (MAN)." (First Amended Complaint at 4.) In

4    fact, defendants' motion for summary judgment in that case was denied,

5    and pre-trial proceedings are pending before United States District

6    Judge Dean D. Pregerson (See EDCV 09-1884-DDP(MAN), Docket Nos. 45,

7    47.). Thus, plaintiff' lack of law library access did not cause him

8    any injury in connection with that action. See Lewis, 518 U.S. at 349,

9    116 S. Ct. at 2179.

10

11   Moreover, plaintiff's access to courts claim on this basis would

12   fail even if summary judgment *had* been granted against him. The

13   constitutional right of access to the courts is only a right to bring

14   claims to the courts and not a right to litigate them effectively.

15   Lewis, 518 U.S. at 354, 116 S. Ct at 2181. Plaintiff's right of law

16   library access in connection with the O'Neal v. Brenes, EDCV 09-1884-DDP

17   (MAN) action was limited to the pleading stage. See Cornett v. Donovan,

18   51 F.3d 894, 898 (9th Cir. 1995)("we conclude the Supreme Court has

19   clearly stated that the constitutional right of access requires a state

20   to provide a law library or legal assistance only during the pleading

21   stage of a habeas or civil rights action."); see also Silva v. Di

22   Vittorio, __ F.3d __, 2011 WL 4436248, at *8 (9th Cir. Sept. 26, 2011)

23   (reaffirming that prisoners' access to courts claims involving law

24   library access are limited to the pleading stage). Plaintiff had no

25   constitutional right to use the law library to prepare an opposition to

26   defendant's summary judgment motion. See Brooks v. Soto, 2009 WL

27   2025325, at *5 (C.D. Cal. July 7, 2009)(claim that failure to provide

28   legal materials rendered plaintiff unable to prepare opposition to

summary judgment failed as a matter of law).

Plaintiff also complains that the United States Marshal's Service took several months to serve the complaints and summons in <u>O'Neal v. Dyberg</u>, EDCV 10-0062-DDP (MAN), and <u>O'Neal v. San Bernardino County Sheriffs Dept.</u>, EDCV 10-446-DDP (MAN), and he was unable to conduct legal research in the law library to determine what steps he should take to expedite service.  (First Amended Complaint at 5, Exs. 6, 7.)  As explained above, the constitutional right of access to courts does not encompass a right to litigate an action effectively after a complaint is filed.  <u>Lewis</u>, 518 U.S. at 354, 116 S. Ct at 2181.  Moreover, plaintiff has not alleged that he sustained actual injury. *Id.* at 349, 116 S. Ct. at 2179.  Although service was delayed because defendants did not respond to requests for a waiver of service under Fed. R. Civ. P. 4(d), the United States Marshal's Service served the defendants personally, and plaintiff suffered no adverse consequences as a result of the delay.  (First Amended Complaint, Ex. 7; *see* EDCV 10-0062-DDP (MAN), Docket Nos. 17, 18; EDCV 10-446-DDP (MAN), Docket Nos. 22, 23.) There was nothing for plaintiff to do and nothing he needed to research.

Accordingly, plaintiff fails to state an access to courts claim against the Sheriff's Department based on denial of law library access in connection with his civil rights actions.

**CONCLUSION**

For the foregoing reasons, the First Amended Complaint is dismissed with leave to amend.  If plaintiff wishes to pursue this action, he is

granted thirty (30) days from the date of this Memorandum and Order within which to file a Second Amended Complaint that re-alleges Claim One and attempts to cure the defects in Claim Two described herein (or omits Claim Two).  The Second Amended Complaint, if any, shall be complete in itself.  It shall not refer in any manner to the First Amended Complaint or the original Complaint.  **Plaintiff may not add new claims or new defendants without obtaining prior leave of court.  Fed. R. Civ. P. 15(a).**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: October 2, 2011

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE