**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN DAVID O'NEAL,<br><br>        Plaintiff,<br><br>  v.<br><br>SAN BERNARDINO COUNTY<br>SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | NO. EDCV 11-803-DDP (MAN)<br><br>ORDER ACCEPTING FINDINGS<br>AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, defendants' motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Plaintiff's Objections to the Report. The Court has conducted a *de novo* review of those portions of the Report to which objections have been stated in writing.

In his Objections, plaintiff notes that, at the time in issue for purposes of Claim Two, he was a pretrial detainee, not a convicted prisoner. In her earlier Order in this case, the Magistrate Judge expressly acknowledged plaintiff's status as a pretrial detainee, rather than a convicted prisoner, for purposes of his claims brought here (see Docket No. 8 at p.5 n.2), although the Report does not repeat this acknowledgment. In any event, whether plaintiff was a pretrial detainee or a convicted prisoner, the access to courts claim alleged in Claim Two would be analyzed under the same standards, namely, the standards established by the Supreme Court in Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494 (1977), and Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182 (1996).[1] The Report correctly applied those standards to Claim Two.

With that notation, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that: (1) the Motion is granted with respect to Claim Two of the Second Amended Complaint, which is dismissed without leave

---

[1] See, e.g., Terry v. Hubert, 609 F.3d 757, 761-62 (5th Cir. 2010)(applying Bounds and Lewis to a pretrial detainee's access to courts claim); Bourdon v. Loughren, 386 F.3d 88, 92-93 (2d Cir. 2004)(opining that the "constitutional right of access to the courts" described in Bounds and Lewis applies to "[p]risoners, including pretrial detainees"); LaRock v. Amato, 2013 WL 5466410, at *7 (N.D.N.Y. Sept. 30, 2013)(analyzing a pretrial detainee's access to courts claim pursuant to Bounds and Lewis); Harris v. Green, 2013 WL 718868, at *5 (D. Md. Feb. 26, 2013)(same); Thorpe v. Little, 804 F. Supp. 2d 174, 182 (D. Del. 2011)(same); Tucker v. Wall, 2010 WL 322155, at *11 (D. R.I. Jan. 27, 2010)(same); Shine v. Hoffman, 548 F. Supp. 2d 112, 117-18 (D. Vt. 2008)(same); see also Livingston v. Robinson, 2009 WL 2253178, at *2 (E.D. Ark. July 28, 2009)("The same [Bounds/Lewis] standard also appears to apply if plaintiffs were incarcerated at the time of the incidents as pretrial detainees.").

to amend; (2) the Motion is denied with respect to Claim One of the Second Amended Complaint; and (3) defendant Smith, the sole remaining defendant in this case, shall file and serve an Answer to Claim One of the Second Amended Complaint within 20 days of this Order.

IT IS SO ORDERED.

DATED: JUN 2 6 2014

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE